UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINERVA BERMUDEZ,

     Plaintiff,

v.                       Case No.:  8:24-cv-1066-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Minerva Bermudez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff applied for supplemental security income benefits on July 30, 2020, alleging disability beginning on January 1, 2020. (Tr. 87, 205-206). Plaintiff later amended the alleged disability onset date to July 30, 2020. (Tr. 54-55). The

application was denied initially and on reconsideration. (Tr. 87, 96). Plaintiff requested a hearing, and on March 14, 2023, a hearing was held before Administrative Law Judge John Dawkins ("ALJ"). (Tr. 50-73). On May 4, 2023, the ALJ entered a decision finding Plaintiff not under a disability since July 30, 2020, the date the application was filed. (Tr. 32-43). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on March 15, 2024. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on May 3, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 30, 2020, the application date. (Tr. 34). At step two, the ALJ found that Plaintiff had the following severe impairments: "intellectual disorder, carpal tunnel syndrome, hypertension, and morbid obesity." (Tr. 34). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 35).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except the claimant can frequently crouch, crawl, kneel, stoop, climb ramps and climb stairs, and no more than occasionally climb ladders, ropes, or scaffolds. The claimant can frequently use upper extremities for handling, fingering, and feeling. The claimant should not work around extremes of cold, extremes of heat, concentrated vibration, or concentrated levels of respiratory irritants. The claimant can understand, remembering, and carry out and exercise judgment for simple tasks and work in an environment with few day to day changes.

(Tr. 38).

At step four, the ALJ determined that Plaintiff had no past relevant work. (Tr. 42). At step five, the ALJ found that considering Plaintiff's age (51 years old on the date the application was filed), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 42). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  Housekeeping/Cleaner, DOT 323.687-014,[1] light, SVP 2, Reasoning Level 1

(2)  Cafeteria Attendant, DOT 311.677-010, light, SVP 2, Reasoning Level 2

(3)  Marker, DOT 209.587-034, light, SVP 2, Reasoning Level 2

(Tr. 43). The ALJ concluded that Plaintiff had not been under a disability since July 30, 2020, the date the application was filed. (Tr. 43).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

## II.    Analysis

On appeal, Plaintiff challenges the ALJ's finding that Plaintiff was capable of performing jobs in the national economy. (Doc. 24, p. 3). Plaintiff claims the ALJ relied on a response by the vocational expert to an incomplete hypothetical to reach this conclusion. (Doc. 24, p. 3). Plaintiff argues that she is limited to jobs with a reasoning level of 1, and would be unable to perform jobs at a higher reasoning level, such as the two jobs of cafeteria attendant and marker listed by the ALJ. (Doc. 24, p. 5). And although not entirely clear, Plaintiff appears to argue that while the job of housekeeping/cleaner has a reasoning level of 1, the ALJ should have asked the vocational expert if he agreed with the DOT assigning this reasoning level for this job. (Doc. 24, p. 5). These arguments lack merit.

At step five of the sequential evaluation, if the ALJ finds a plaintiff unable to perform her past relevant work, the ALJ must determine whether jobs exist in significant numbers in the national economy that an individual with the plaintiff's limitations can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical

questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ need not include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

At the hearing, the ALJ posed hypotheticals to the vocational expert. (Tr. 68-70). In all the hypotheticals, including the first hypothetical, the ALJ included limitations, such as understanding, remembering, carrying out, and exercising judgment for simple tasks. (Tr. 69). The ALJ also included a limitation for a work environment with few day-to-day changes. (Tr. 69). In response to the first hypothetical, the vocational expert testified that a person with these limitations could perform the jobs of housekeeping/cleaner, DOT 323.687-014, which has a reasoning level of 1, as well as cafeteria attendant and marker, both with reasoning levels of 2. (Tr. 69). In the decision, the ALJ adopted the vocational expert's findings that Plaintiff was capable of performing these jobs, including housekeeping/cleaner at a reasoning level of 1. (Tr. 43). While Plaintiff argues that she is only capable of performing jobs with a reasoning level of 1, at least one of the listed jobs – housekeeping/cleaner – has a reasoning level of 1. The ALJ also found that 178,000 housekeeping/cleaner jobs alone "represents a significant number of jobs in the

national economy." (Tr. 43); *see Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1318 (11th Cir. 2021) (finding whether there are a significant number of jobs in the national economy is a factual issue to be determined by a judicial officer). Thus, Plaintiff's argument lacks merit.

Plaintiff also claims that the ALJ should have delved into the vocational expert's testimony further to verify that this job still has a reasoning level of 1. (Doc. 24, p. 5). Again, this argument is a nonstarter. The vocational expert testified that this job has a reasoning level of 1 and Plaintiff has provided no support other than mere supposition to contradict the vocational expert's testimony. In addition, the vocational expert may rely on the DOT, even if it is outdated. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (finding vocational experts may consult publications such as the DOT – even though it may be outdated – and may also consult other sources to obtain job numbers). Substantial evidence supports the ALJ's decision that there are jobs in the national economy that Plaintiff could perform.

### III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 16, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties